UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| DANIEL RICHARD HALL, III, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Case No. 1:24-CV-302-CLC-CHS |
| ) | |
| LT. COLE, *et al.*, ) | Judge Curtis L. Collier |
| ) | |
| *Defendants*. ) | |

## **MEMORANDUM OPINION**

On September 19, 2024, this Court entered an order (1) directing the Clerk to send Plaintiff a motion for leave to proceed *in forma pauperis;* (2) providing Plaintiff thirty (30) days from the date of entry of that order to pay the full filing fee or to submit the necessary documents to proceed *in forma pauperis*; and (3) notifying Plaintiff that a failure to provide a correct address to the Court within fourteen (14) days of any change in address may result in the dismissal of the action. (Doc. 6 at 1–2.) The envelope bearing that order was marked "[r]eturn to [s]ender" and "[n]o [l]onger at [t]his [f]acility," placed back in the postal system by September 26, 2024, and received by the Court on October 1, 2024. (Doc. 7.) To date, Plaintiff has not updated his address or otherwise communicated with the Court.

"It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently." E.D. Tenn. L.R. 83.13. Federal Rule of Civil Procedure 41(b) gives the Court authority to dismiss a case for failure "to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b); s*ee also Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999); *Rogers v. City of Warren*, 302 F. App'x 371, 375

n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citation omitted).

Applying these rules requires the Court to dismiss this action without prejudice. As to the first factor, more than fourteen (14) days have passed since the Court's order was marked "[r]eturn to [s]ender" and returned to the Court, and Plaintiff has not updated his address. Thus, Plaintiff has willfully failed to comply with the Court's prior notice (Doc. 2) and Local Rule 83.13. As to the second factor, Plaintiff's conduct has not prejudiced Defendants. As to the third factor, the Court explicitly warned Plaintiff in a prior notice (Doc. 2) and order (Doc. 5 at 1) that failure to update his address could result in the dismissal of this action. Plaintiff's failure to update his address leaves the Court unable to move this case forward. Finally, as to the fourth factor, alternative sanctions are not warranted, as Plaintiff sought to proceed *in forma pauperis* in this action and has failed to comply with the Court's clear instructions. The Court finds that these factors support dismissal of this action under Rule 41(b).

"[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a

2

Case 1:24-cv-00302-CLC-CHS   Document 8   Filed 10/17/24   Page 2 of 3   PageID #: 29

lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from complying with the Court's orders or Local Rules.

Accordingly, the Court will **DISMISS** this action **without prejudice** for failure to prosecute and comply with an order of the Court pursuant to Rule 41(b).

Finally, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24. Should Plaintiff file a notice of appeal, he will be **DENIED** leave to appeal *in forma pauperis*.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**